101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
INNER CITY PRESS/COMMUNITY ON THE MOVE, and its members and
affiliates; South Bronz/Inner City Prospective Homeowners
Association; Inner City Community Development Loan Fund,
The South Bronx/Inner City Small Business Alliance; Matthew
Lee and Vielka Peguero, Petitioners,
v.
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, Respondent,
Chemical Banking Corporation, The Chase Manhattan
Corporation, Chemical Bank, and the Chase
Manhattan Bank, N.A., Intervenors.
 No. 96-4008.
 United States Court of Appeals, Second Circuit.
 May 21, 1996.
 
 Appearing for Petitioners: Eric A. Klein, New York, N.Y.
 Appearing for Respondent: Douglas B. Jordan, Board of Governors of the Federal Reserve System, Washington, D.C.
 Appearing for Intervenors: Melvyn L. Cantor, Simpson Thacher & Bartlett, New York, N.Y.
 Federal Reserve Bd.
 MOTION DENIED.
 Present: KEARSE, WINTER, CALABRESI, Circuit Judges.
 
 
 1
 This case arises out of a petition filed by Inner City Press/Community on the Move and the individual petitioners for review of the Federal Reserve Board's January 5, 1996, order approving a proposed merger between Chemical Bank and Chase Manhattan Bank.
 
 
 2
 On March 21, 1996, the Federal Reserve filed its Index of Record in this Court, listing the documents contained in the administrative record, totalling 16,509 pages. Among those documents was Item No. 426, described as "Letter from counsel for Applicants to Board staff regarding transmittal of consolidated branches and request for confidential treatment, with attached confidential exhibit 32." The document contained a list, submitted by the banks to the Federal Reserve, of Chase and Chemical branches under consideration for consolidation and closure following the merger. The index described another document, Item No. 197, as "Internal FRBNY memorandum regarding Chase/Chemical premerger review."
 
 
 3
 On March 27, 1996, Inner City Press moved in this Court for an order directing the Federal Reserve to file the actual documents comprising the administrative record of this case, rather than just the index. On April 2, 1996, this Court partially granted ICP's motion and directed the Federal Reserve to file the actual documents, though in redacted form. With regard to the undisclosed documents, the order referred the motion to the panel of this Court that will consider the merits of the underlying petition for review.
 
 
 4
 On April 16, 1996, pursuant to this Court's order, the Federal Reserve served the redacted portion of the record on counsel for Inner City Press. Two confidential documents were inadvertently produced as part of that record, but counsel for the Federal Reserve did not discover the mistake until May 7, 1996. Declaration of Douglas B. Jordan at 2.
 
 
 5
 On May 8, 1996, the Federal Reserve filed an emergency motion for a protective order, covering both Items 197 and 426. The banks filed a similar motion, covering only Item 426.
 
 
 6
 On May 9, 1996, this Court, by order of Judge Parker, referred both motions to a three-judge panel "to consider the nature and viability of any possible remedy which might issue."
 
 A. Item No. 426
 
 7
 On May 16, 1996, Inner City filed its papers opposing the motions for a protective order. In an affidavit, the executive director of Inner City stated that on May 3, 1996, he submitted copies of Item No. 426, the branch closing list, in a separate proceeding in New York State Supreme Court. Declaration of Matthew Lee p 8. On the same day, he transmitted copies of those state-court filings to various news media. Id. He states that he did not learn until May 7 or 8 that the Federal Reserve had produced those documents in error. Id. p 9. Lee attached, as an exhibit to his affidavit, a news article from Newsday that reprinted the branch closing list. Alan J. Wax, Aiming To Trim Its Branches: Casualties of Chase-Chemical Merger, NEWSDAY, May 9, 1996, at A61, A63, Ex. A to Lee Decl.
 
 
 8
 In a letter to the court dated May 20, 1996, counsel for the intervenor banks withdrew their motion for a protective order, noting that the branch closing list had subsequently been published in various newspapers.
 
 
 9
 The Federal Reserve's motion for a protective order is still pending. With regard to its request that we seal Item No. 426, we deny the motion as moot. The list of branch closings has irretrievably entered the public domain, and no protective order can now restore it to secrecy.
 
 B. Item No. 197
 
 10
 The Federal Reserve states only that Item No. 197 "contains sensitive and confidential supervisory information of the Board, and has not been released even to the institution to which the document relates." Jordan Decl. at 3. The Federal Reserve has not explained what information the document contains, nor what specific harm could result if the document were made public. Nor has the Federal Reserve cited any authority for invoking any privilege. Faced with nothing but conclusory assertions of some undefined privilege, we are constrained to deny the Federal Reserve's motion for a protective order with respect to Item No. 197. This denial, however, is without prejudice to renewal within 14 days of the date of this order--by motion filed under seal, if appropriate--upon a more detailed showing of what that document contains and why such contents should be privileged from disclosure.